UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

BENJAMIN HORTON,

                Plaintiff,

    -against-                          8:21-CV-00983 (LEK/CFH)

SCHENECTADY COUNTY, *et al.*,

                Defendants.

_____

## <u>MEMORANDUM-DECISION AND ORDER</u>

## I.    INTRODUCTION

Pro se Plaintiff Benjamin Horton seeks relief against Defendants Schenectady County and the City of Schenectady Police Department (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application"). The Honorable Christian F. Hummel, United States Magistrate Judge, conducted initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and on April 22, 2022, Judge Hummel issued a Report & Recommendation. Dkt. No. 7 ("Report & Recommendation"). In this Report & Recommendation, Judge Hummel granted Plaintiff's IFP Application and recommended that Plaintiff's Complaint be dismissed with prejudice and without opportunity to amend. R. &. R. at 22. Plaintiff filed objections to the Report & Recommendation on May 11, 2022. Dkt. No. 8 ("Objections"). For the reasons that follow, the Report & Recommendation is adopted in part, modified in part, and rejected in part.

## II.     BACKGROUND

Plaintiffs' factual allegations are detailed in the Report & Recommendation, familiarity with which is assumed. R. & R. at 5–8.

## III.    STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). "Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate [judge]." Id.

"When specific objections are made to a magistrate judge's report-recommendation, the Court makes a '*de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Felix-Torres v. Graham, 687 F. Supp. 2d 38, 45 (N.D.N.Y. 2009) (quoting 28 U.S.C. § 636(b)(1)). That "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406; see also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to whom the objection is made must review the record and magistrate's recommendations, and must make a de novo determination of the facts and legal conclusions, receiving additional evidence and rehearing witnesses at his or her discretion. The district judge must not be a rubber stamp." (footnote omitted)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.   DISCUSSION

### A.  Timeliness of Objections

The Report & Recommendation stated that when a party is "proceeding pro se" and is "served with this Report-Recommendation and Order by mail," then "three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections." R. & R. at 22 n.8 (citing Fed. R. Civ. P. 6(d)). Additionally, the Report & Recommendation noted that "[i]f the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday." R. & R. at 22–23 n.8 (citing Fed. R. Civ. P. 6(a)(1)(C)). The Report & Recommendation was issued on April 22, 2022, thereby setting May 9, 2022, as the deadline to file objections. See generally R. & R.

Plaintiff's Objections were filed on May 11, 2022. See generally Objections.[1] In Houston v. Lack, 487 U.S. 266, 270 (1988), the Supreme Court established the prison mailbox rule, under

---

[1] Plaintiff also indicates that he "had a minor [h]eart [a]ttack on April 19[, 2022] and a [m]ajor [h]eart [a]ttack on the 20th" and subsequently required emergency medical surgery for these. Objs. at 1.

which a pro se prisoner's legal submissions—such as a notice of appeal—are considered "filed when delivered to prison officials for transmittal to the court." Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). While the Second Circuit has declined to address whether the prison mailbox rule applies in the context of objections to a report and recommendation, see Mannix v. Phillips, 619 F.3d 187, 196 (2d Cir. 2010), this Court and other courts in this district have regularly applied the prison mailbox rule to objections to a report and recommendation, see, e.g., Trapani v. Annucci, No. 21-CV-0681, 2022 U.S. Dist. LEXIS 158610, at *7 n.1 (N.D.N.Y. Sept. 1, 2022) (Kahn, J.) (finding that objections to a report and recommendation were "timely under the prison mailbox rule, which holds that a pro se prisoner meets the filing deadline if he delivers the filing to prison officials within the time specified"); Bradshaw v. Fletcher, No. 19-CV-00428, 2021 U.S. Dist. LEXIS 13676, at *3 (N.D.N.Y. Jan. 26, 2021) ("Assuming that the prison mailbox rule applies to objections made to a report-recommendation, the Court deems the objections timely."); cf. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). Plaintiff's Objections were dated May 4, 2022, Objs. at 1, and the postage on the Objections' envelope indicates that they were mailed on May 9, 2022, id. at 4. Accordingly, the Court finds that Plaintiff's Objections to the Report & Recommendation were timely filed pursuant to the prison mailbox rule.

**B. Plaintiff's Objections**

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

a plaintiff meets the financial criteria to commence an action IFP, it is the Court's responsibility to determine whether the plaintiff may properly maintain the complaint filed in this District before the Court may permit the plaintiff to proceed with their action IFP. See id.

Likewise, under 28 U.S.C. § 1915A, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

The Court should not dismiss a complaint if Plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915(e) "[i]n reviewing the complaint to determine whether it states a viable claim, the court 'accept[s] as true all factual allegations in the complaint' and draws inferences from these allegations in the light most favorable to the plaintiff." Patterson v. Rodgers, 708 F. Supp. 2d 225, 232 (D. Conn. 2010) (quoting Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has stated that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (quotations and alterations omitted).

"A document filed pro se is 'to be liberally construed' . . . ." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erikson, 551 U.S. at 94 (quoting Estelle, 429 U.S. at 106). Moreover, courts should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted).

### 1. *Miranda v. Arizona* Claims

Plaintiff's Objections focus largely on the Magistrate Judge's determination as to Plaintiff's alleged Miranda v. Arizona, 384 U.S. 436 (1966) violations. Plaintiff argues that the Magistrate Judge erred by finding that "Miranda is not a constitutional right" and argues instead that "it is a right and when they violated Fifth Amendment that is a Constitutional [r]ight which was illegal and when they violated Sixth Amendment that was a constitutional [r]ight and that is

illegal along with all the other thing[s] that happen like when I asked for a[n] Attorney . . . ." Objs. at 2–3. The Court will review this portion of the Report & Recommendation de novo. See 28 U.S.C. § 636(b)(1).

Plaintiff's objections to the Report & Recommendation focus on the Magistrate's description of "Miranda warnings" as "a procedural safeguard rather than a right explicitly stated in the Fifth Amendment." R. & R. at 13 (quoting Neighbor v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam)). On this basis, the Magistrate Judge found that "'[t]he remedy for a Miranda violation is the exclusion from evidence of any ensuing self-incriminating statements'" and that therefore "'[t]he remedy is not a § 1983 action.'" R. & R. at 13 (quoting Neighbor v. Covert, 68 F.3d 1508, 1511 (2d Cir. 1995)).

The Court notes that the Supreme Court has recently affirmed that a Miranda violation *standing alone* is not the basis for a claim under Section 1983. See Vega v. Tekoh, 142 S. Ct. 2095, 2101 (2022). In obiter dictum, Vega stated that "Miranda itself and [the Supreme Court's] subsequent cases make clear that Miranda imposed a set of prophylactic rules." Vega, 142 S. Ct. at 2101. Thus, Neighbor and Vega justified their denials of Section 1983 lawsuits brought pursuant to Miranda by characterizing Miranda as a set of prophylactic rules, rather than as constitutionally required rules. However, in Dickerson v. United States, the Supreme Court explicitly held that "Miranda announced a constitutional rule . . . ." 530 U.S. 428, 444 (2000). Moreover, Vega did not explicitly overturn Dickerson and acknowledged that the Miranda rules are "'constitutionally based,'" Vega, 142 S. Ct. at 2101 (quoting Dickerson, 530 U.S. at 440), while at the same time continuing to characterize the Miranda rules as "prophylactic rules nonetheless[,]" Vega, 142 S. Ct. at 2101.

However, if Miranda rules are characterized as prophylactic rules—rather than as constitutional rules—this would constitute a substantial infringement on the authority of state courts. As the dissent in Vega noted: "Rules arising from 'the United States Constitution' are applicable in state-court proceedings, but non-constitutional rules are not." Vega, 142 S. Ct. at 2109 (Kagan, J., dissenting) (citing Dickerson, 530 U.S. at 438). Thus, if Miranda announced prophylactic rules, rather than constitutional rules, this would allow federal courts to issue non-constitutional prophylactic rules that are binding on state courts. In Dickerson, the Supreme Court emphasized that Miranda must be characterized as constitutional rules by observing that "[i]t is beyond dispute that we do not hold a supervisory power over the courts of the several states." 530 U.S. at 438 (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Thus, "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith, 455 U.S. at 221.

It is not the place of the federal courts to exercise supervisory authority over state judicial proceedings when such exercise is not constitutionally required. The Court is mindful that "it is not the business of this Court to pronounce policy" and "[i]t must observe a fastidious regard for limitations on its own power . . . ." Trop v. Dulles, 356 U.S. 86, 120 (1958) (Frankfurter, J., dissenting). Justice Brandeis eloquently described the salutary effect of federalism in the United States: "It is one of the happy incidents of the federal system that a single courageous State may, if its citizens choose, serve as a laboratory . . . ." New State Ice Co. v. Liebmann, 285 U.S. 262, 311 (1932) (Brandeis, J., dissenting). Accordingly, based on the principles of stare decisis, federalism, and judicial restraint, the Court follows the holding of Dickerson, which stated that "Miranda announced a constitutional rule . . . ." 530 U.S. at 444. The Court modifies the Report

& Recommendation's <u>Miranda</u> finding by following the <u>Dickerson</u> holding that "<u>Miranda</u> announced a constitutional rule . . . ." 530 U.S. at 444.

### 2. *Fourteenth Amendment Claims*

The Report & Recommendation did not take into account the Second Circuit decision of <u>Deshawn E. by Charlotte E. v. Safir</u>, which stated that "[a] <u>Miranda</u> violation that amounts to actual coercion based on outrageous government misconduct is a deprivation of a constitutional right that can be the basis for a § 1983 suit, even when a confession is not used against the declarant in any fashion." 156 F.3d 340, 348 (2d Cir. 1998) (citations omitted).

"[A] <u>Miranda</u> violation that amounts to actual coercion based on outrageous government misconduct" can proceed pursuant to Section 1983 because this constitutes a violation of the Due Process Clause of the Fourteenth Amendment: "The due process clause of the Fourteenth Amendment prohibits self-incrimination based on fear, torture, or any other type of coercion." <u>Deshawn E.</u>, 156 F.3d at 348 (citing <u>Brown v. Mississippi</u>, 297 U.S. 278, 285–86 (1936)). "The State is free to regulate the procedure of its courts in accordance with its own conceptions of policy, unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." <u>Brown</u>, 297 U.S. at 285 (quotations and citations omitted). Accordingly, the violation of a Fourteenth Amendment Due Process right constitutes "the deprivation of . . . rights, privileges, or immunities secured by the Constitution and laws" under Section 1983. 42 U.S.C. § 1983.

Thus, although the Magistrate Judge found that Plaintiff's allegations could not be considered under the Fourteenth Amendment because "the allegedly unlawful acts by defendants are the same as those underpinning his putative <u>Miranda</u> rights claim[,]" R. & R. at 20, he should have addressed the Second Circuit's holding that under the Due Process Clause of the Fourteenth

Amendment, a <u>Miranda</u> violation that amounts to actual coercion based on outrageous government misconduct can be the basis for a § 1983 lawsuit. <u>See Deshawn E.</u>, 156 F.3d at 348. Accordingly, the Court modifies the Report & Recommendation insofar as it did not consider <u>Deshawn E.</u>

"The question in each case is whether the conduct of 'law enforcement officials was such as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined.'" <u>Deshawn E.</u>, 156 F.3d at 348 (quoting <u>Rogers v. Richmond</u>, 365 U.S. 534, 544 (1961)). "The challenged conduct must be the 'kind of misbehavior that so shocks the sensibilities of civilized society as to warrant a federal intrusion into the criminal processes of the States.'" <u>Deshawn E.</u>, 156 F.3d at 348 (quoting <u>Moran v. Burbine</u>, 475 U.S. 412, 433–34 (1986)).

"[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998). "It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." <u>Id.</u>[3] "Whether the point of conscience-shocking is reached when injuries are

---

[3] These circumstances include "cases involving physical brutality, threats of physical brutality, and such convincingly terror-arousing, and otherwise unexplainable, incidents of interrogation as the removal of prisoners from jail at night for questioning in secluded places, the shuttling of prisoners from jail to jail, at distances from their homes, for questioning, the keeping of prisoners unclothed or standing on their feet for long periods during questioning." <u>Culombe v. Connecticut</u>, 367 U.S. 568, 622 (1961) (footnotes omitted). They also include "cases where deprivation of sleep has been used to sap a prisoner's strength and drug him or where bald disregard of his rudimentary need for food is a factor that adds to enfeeblement[,]" <u>id.</u> (footnotes omitted), "cases stamped with the overhanging threat of the lynch mob," <u>id.</u> at 622–23, and "cases of grueling, intensely unrelaxed questioning over protracted periods[,]" <u>id.</u> at 623. The time period for the latter would include "relaying questioning for more than thirty-six hours with

produced with culpability falling within the middle range, following something more than negligence but less than intentional conduct, such as recklessness or gross negligence is a matter for closer calls." Id. (quotations and citation omitted). The Supreme Court has stated that under the Fourteenth Amendment, injuries from interrogation may not always be physical: "There is torture of mind as well as body; the will is as much affected by fear as by force. And there comes a point where this Court should not be ignorant as judges of what we know as men." Watts, 338 U.S. at 52.

Here, Plaintiff has alleged that he was "verbally force[d]" to be transported "for two hours" by a Schenectady City Police officer, detective McCabe,[4] and a state investigator, Jason DeLuca, "in a locked car speeding [d]own the [New York State T]hruway" from Salisbury, New York, to Schenectady, New York, where he was subsequently interrogated. Compl. at 1–2. As the Supreme Court has explained, transportation of a detainee "a considerable distance from his home" is a "factor to be considered" when assessing a Fourteenth Amendment Due Process actual coercion claim. Culombe, 367 U.S. at 630. Additionally, Plaintiff alleges that he was "[d]enied a lawyer and medical [treatment" although he "told the officers he was confused and had memory issues, and [the officers] just kept yelling at [Plaintiff.]" Compl. at 3. The Supreme

_____

one five-minute pause[,]" id. n.83 (citing Ashcraft v. Tennessee, 322 U.S. 143 (1944)), "relay questioning from 11:30 p.m. to 2:30 or 3 a.m. on the first day of detention and from 5:30 p.m. to 3 a.m. on four of the five succeeding days[,]" Culombe, 367 U.S. at 623 n.83 (citing Watts v. Indiana, 338 U.S. 49 (1949)), "relay questioning in a hot cubicle throughout one evening and during eleven and a half hours, with a one-hour respite, the next day; then on the day following, more than a half-dozen hours of questioning before the confession was made[,]" Culombe, 367 U.S. at 623 n.83 (citing Harris v. South Carolina, 338 U.S. 68 (1949)); and "questioning throughout afternoon and evening on the first day; 10 a.m. to midnight on the second; then from 9 a.m. on the third until 8:30 a.m. on the morning of the fourth, with the questioning later resuming, after a brief recess, until [defendant] confessed[,]" Culombe, 367 U.S. at 623 n.83 (citing Leyra v. Denno, 347 U.S. 556 (1954)).

[4] Plaintiff did not include McCabe's first name in the Complaint. See generally Complaint.

11

Court has also stated that courts should consider the interrogated individual's "mental equipment" when assessing a Fourteenth Amendment Due Process actual coercion claim. Culombe, 367 U.S. at 625. When making this assessment, courts should consider whether the interrogated person "is suggestible and subject to intimidation . . . ." Id. Thus, although the Magistrate Judge did not conduct 28 U.S.C. § 1915 and 28 U.S.C. § 1915A initial review of Plaintiff's Section 1983 Fourteenth Amendment Due Process actual coercion claims against McCabe and DeLuca, the Court finds that these claims survive initial review.[5] In so doing, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 3. Sixth Amendment Claim

While the Magistrate Judge acknowledged that Plaintiff had made Sixth Amendment right to counsel claims, his Report & Recommendation did not expressly address these claims. R. & R. at 11–12. Nevertheless, it appears that the Magistrate Judge recommended dismissal of these claims with prejudice. Id. at 22. Plaintiff contested this in his Objections, asserting that law enforcement officers "violated [his] Sixth Amendment [right] that was a constitutional [r]ight and that is illegal along with all other thing[s] that happen like when I asked for a[n] Attorney . . . ." Objs. at 3. Accordingly, the Court modifies the Report & Recommendation insofar as it did not specifically address Plaintiff's Sixth Amendment claims.

---

[5] While the Magistrate only discussed Plaintiff's claims as they relate to Schenectady County and the City of Schenectady Police Department, perhaps based on the case caption in the Complaint, "[c]ourts have found pro se complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants." Imperato v. Otsego Cnty. Sheriff's Dep't, No. 13-CV-1594, 2016 U.S. Dist. LEXIS 50155, at *79 (N.D.N.Y. Apr. 14, 2016) (quotations omitted) (collecting cases). Accordingly, the Court respectfully directs the Clerk of the Court to amend the case caption to include McCabe and DeLuca as Defendants in this action.

In general, "a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." Kirby v. Illinois, 406 U.S. 682, 688 (1972); see also Deshawn E., 156 F.3d at 349 (quoting Kirby, 406 U.S. 688). When "the underlying charges against [a plaintiff] were state charges, the Court looks to state law to determine when the adversarial proceedings were initiated." Nimkoff v. Dollhausen, 751 F. Supp. 2d 455, 465 (E.D.N.Y. 2010) (citing Deshawn E., 156 F.3d at 349). "Generally, New York State courts hold that 'a criminal proceeding, and with it the right to counsel, is initiated by the filing of an accusatory instrument.'" Nimkoff, 751 F. Supp. 2d at 465 (quoting Deshawn E., 156 F.3d at 349). "In addition, the right to counsel attaches 'if substantial rights of the accused may be affected by a particular proceeding . . . .'" Nimkoff, 751 F. Supp. 2d at 465 (quoting Meadows v. Kuhlmann, 812 F.2d 72, 76 (2d Cir. 1987). "[I]n New York State [this] includes 'when a defendant was brought to the scene of the crime by court order, placed in a post-indictment lineup, or compelled to appear before a grand jury.'" Nimkoff, 751 F. Supp. 2d at 465 (quoting Deshawn E., 156 F.3d at 349).

Even interpreting Plaintiff's Complaint liberally, the Complaint does not include facts showing that the filing of an accusatory instrument had occurred prior to Plaintiff's interrogation, or that Plaintiff's rights were affected by a particular proceeding at that point in time. Because Plaintiff has not pled facts necessary to plausibly demonstrate Sixth Amendment right to counsel claims, Plaintiff's Section 1983 claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

4. *Applicability of* <u>Heck v. Humphrey</u>[6]

In <u>Heck v. Humphrey</u>, the Supreme Court

> h[e]ld that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issue of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512, U.S. 477, 486–87 (1994) (emphasis in original) (footnotes omitted). "[T]he bar in <u>Heck</u> is not jurisdictional . . . ." <u>Scott v. City of Mt. Vernon</u>, No. 14-CV-4441, 2017 U.S. Dist. LEXIS 47856, at *71 (S.D.N.Y. Mar. 30, 2017); <u>see also</u> <u>Polzin v. Gage</u>, 636 F.3d 834 (7th Cir. 2011) ("The <u>Heck</u> doctrine is not a jurisdictional bar. Because it is not jurisdictional, the <u>Heck</u> defense is subject to waiver." (citations omitted)); <u>Garrett v. Murphy</u>, 17 F.4th 419, 428 (3rd Cir. 2021)

---

[6] "[W]hile the statute [28 U.S.C. § 636] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." <u>Thomas v. Arn</u>, 474 U.S. 140, 154 (1985). As noted above, the Magistrate did not address Plaintiff's Section 1983 Fourteenth Amendment Due Process actual coercion claims. Accordingly, the Magistrate did not discuss the relationship between <u>Heck</u> and Plaintiff's Fourteenth Amendment claims. However, as discussed below, the Magistrate did discuss <u>Heck</u> generally in the Report & Recommendation. R. & R. at 11–12. Insofar as that discussion is relevant to the Court's findings with regard to Plaintiff's Section 1983 Fourteenth Amendment Due Process actual coercion claims, the Court reviews that portion of the Report & Recommendation de novo.

("A suit barred by <u>Heck</u>'s favorable-termination requirement fails to state a valid cause of action under § 1983, . . . and is not jurisdictional. We see no basis for converting <u>Heck</u>'s favorable-termination rule into a 'jurisdictional' rule." (citation omitted)).

The Magistrate Judge appears to have discussed <u>Heck</u> as a general matter, stating that "Plaintiff's criminal conviction, to date, remains intact." R. & R. at 11. However, elsewhere, the Magistrate Judge indicated that <u>Heck</u> might not be a bar to Plaintiff's false arrest and false imprisonment claims "because there is no indication of what evidence, if any, defendants obtained from plaintiff" nor was there indication of "whether the same [evidence] was necessary in securing [P]laintiff's current conviction." <u>Id.</u> at 16. Moreover, the Magistrate Judge said that it appeared "that police officers were monitoring [P]laintiff" which "further suggest[s] the evidence necessary for his conviction was obtained independently." <u>Id.</u>

The Court finds that because there are indications that the evidence necessary for Plaintiff's conviction might have been obtained independently of the aforementioned incident involving Plaintiff, McCabe, and DeLuca, the Court does not find that <u>Heck</u> bars Plaintiff's Section 1983 Fourteenth Amendment actual coercion claims at this time.

### 5. Statute of Limitations

Plaintiff's Objections challenge the Magistrate Judge's dismissal of the Complaint after the Magistrate Judge sua sponte raised the affirmative defense of the statute of limitations: "I did everything my trial lawyer told me to when I told him I wanted to sue the Schenectady Police and County[,] he told me I had to use up all State [r]emdys [sic] first and that is what I did and in Schenectady case the New York State Appeals court was in 2019 and a 440 in 2020[.] So I am in my limitation[,] you can't fight a lawsuit when you are still fighting in the courts." Objs. at 1–2. Thus, it appears that Plaintiff is arguing the statute of limitations should be tolled in this case—

for example, because of his ongoing appeals to the New York State courts. The Court reviews this portion of the Report & Recommendation de novo.

"It is well established that '[c]omplaints need not anticipate, or attempt to plead around, potential affirmative defenses.'" Kattu v. Metro Petroleum, Inc., No. 12-CV-54, 2013 U.S. Dist. LEXIS 110413, at *10 (W.D.N.Y. Aug. 6, 2013) (quoting High Falls Brewing Co., LLC v. Boston Beer Corp., 852 F. Supp. 2d 306, 310 (W.D.N.Y. 2011)). "Accordingly, 'a statute of limitations is an affirmative defense that need not be addressed in the complaint,' and plaintiffs are not required to allege facts in their complaint to rebut a potential statute of limitations affirmative defense that might be waived." Kattu, 2013 U.S. Dist. LEXIS 110413, at *11 (quoting E.E.O.C. v. Davis, No. 07-CV-6434, 2008 U.S. Dist. LEXIS 72911, at *18 (W.D.N.Y. Sept. 24, 2008)).

"The Supreme Court has instructed that in section 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules[,]' unless applying the state's tolling rules 'would defeat the goals of the federal statute at issue[.]" Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (citations omitted) (quoting Bd. of Regents v. Tomanio, 446 U.S. 478, 484–86 (1980) and Hardin v. Straub, 490 U.S. 536, 539 (1989)). "Because the Supreme Court wanted section 1983 actions to be subject to 'tolling rules,' it seems likely that both statutory and common law rules are to be borrowed." Pearl, 296 F.3d at 81. "The taxonomy of tolling, in the context of avoiding a statute of limitations, includes at least three phrases: equitable tolling, fraudulent concealment of a cause of action, and equitable estoppel." Id. In the Section 1983 context, this can be a rather complex determination: "The initial difficulty encountered by trying to compare accrual, governed by federal law, with tolling, governed by state law, is that the reported decisions of the federal and state courts do not always mean the same thing by their use

16

of these phrases, and phrases to which some judges ascribe different meanings are used interchangeably by other judges." Id.

The Magistrate Judge asserted that "plaintiff cannot cure the defects in his claims, as the statute of limitations are expired" and "recommended that [Plaintiff's] claims be dismissed with prejudice." R. & R. at 21. The Second Circuit has "often admonished that extreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson, 700 F.2d at 41 (emphasis in original). While the Second Circuit has permitted sua sponte dismissal based on the statute-of-limitations affirmative defense when a court conducts 28 U.S.C. § 1915 review, the Circuit has stated that "[a] dismissal under section 1915(d) based on the statute of limitations is especially appropriate where . . . the injuries complained of occurred more than five years before the filing of the complaint—well outside the applicable three-year limitations period, *there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating continuous or ongoing violation of his constitutional rights*." Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) (emphasis added) (citation omitted). Here, the Magistrate Judge did not give Plaintiff the opportunity to explain whether the statute of limitations should be tolled or whether there is a continuous or ongoing violation of Plaintiff's constitutional rights.

Moreover, "[d]etermining a statute of limitations defense ordinarily 'requires a consideration of the merit of both parties' claims and defenses.'" Kattu, 2013 U.S. Dist. LEXIS 110413, at *12 (quoting Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 83 (E.D.N.Y. 2011)). Accordingly, "[a]t this juncture, the Court will not shift the burden of pleading and proving facts that underlie the potential statute of limitations defense, a defense that is waived if not alleged in

an answer, from defendant to plaintiffs." Kattu, 2013 U.S. Dist. LEXIS 110413, at *13–14. Therefore, the Court rejects the Magistrate Judge's recommendation to dismiss Plaintiff's claims based on the affirmative defense of the statute-of-limitations before a Defendant has raised such a defense in an answer.[7] Thus, Plaintiff's Section 1983 Fourteenth Amendment Due Process actual coercion claims against McCabe and DeLuca survive 28 U.S.C. § 1915 and 28 U.S.C. § 1915A initial review and require a response. In so doing, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

In addition, the Magistrate Judge recommended dismissal with prejudice of Plaintiff's Section 1983 Fourth Amendment false arrest and false imprisonment claims based on the affirmative defense of the statute-of-limitations. Because the Court has rejected the Magistrate Judge's recommendation to dismiss Plaintiff's claims based on the affirmative defense of the statute-of-limitation, these claims survive 28 U.S.C. § 1915 and 28 U.S.C. § 1915A initial review

---

[7] The Magistrate Judge also recommended dismissal with prejudice of Plaintiff's pendent state law claims brought against Schenectady County and the City of Schenectady Police Department based on the notice of claim requirements of New York General Municipal Law § 50. R. & R. at 20–21. "The district court has the power to dismiss a complaint sua sponte for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard." Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) (internal citations and quotations omitted). Because the Magistrate Judge did not provide Plaintiff with notice and opportunity to be heard, the Court likewise finds it is unnecessary to dismiss Plaintiff's pendent state law claims at this time. Accordingly, these claims survive 28 U.S.C. § 1915 and 28 U.S.C. § 1915A initial review and require a response. In so doing, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion. Moreover, although McCabe and DeLuca were not named in the case caption, based on the aforementioned discussion of Imperato, 2016 U.S. Dist. LEXIS 50155, at *79, and treating Plaintiff's Complaint with liberality, as is required, it appears to the Court that Plaintiff also seeks to bring these pendent state law claims against McCabe and DeLuca.

and require a response.[8] In so doing, the Court expresses no opinion as to whether these claims

can withstand a properly filed dispositive motion.

Additionally, insofar as the Magistrate Judge appears to have found that Plaintiff's

Section 1983 municipal liability claims brought pursuant to Monell v. Dep't of Soc. Servs., 436

U.S. 658 (1978) were barred by the statute-of-limitations and recommended dismissal of these

claims with prejudice, the Court likewise rejects that portion of the Report & Recommendation.

### 6. Other Portions of the Report & Recommendation

The Court has reviewed for clear error the other portions of the Report &

Recommendation to which no objections were filed. See DiPilato, 662 F. Supp. 2d at 339.

Finding no clear error, the Court adopts these portions of the Report & Recommendation.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report & Recommendation (Dkt. No. 7) is **MODIFIED in part**,

**REJECTED in part**, and **ADOPTED in part**; and it is further

**ORDERED**, that the Clerk shall provide the superintendent of the prison facility in

which Plaintiff is currently confined with a copy of Plaintiff's inmate authorization form (Dkt.

No. 3) and notify the official that this action has been filed and that Plaintiff is required to pay

the entire statutory filing fee $350.00 pursuant to 28 U.S.C. § 1915;[9] and it is further

---

[8] Based on Imperato, 2016 U.S. Dist. LEXIS 50155, at *79, and treating Plaintiff's Complaint with liberality, as is required, it appears to the Court that Plaintiff seeks to bring these Section 1983 Fourth Amendment false arrest and false imprisonment claims against McCabe and DeLuca.

[9] While Section 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts." Cash v.

**ORDERED**, that the Clerk shall provide a copy of Plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **ACCEPTED for filing** in accordance with this Memorandum-Decision and Order to the extent that it asserts Section 1983 Fourteenth Amendment Due Process actual coercion claims against McCabe and DeLuca, Section 1983 Fourth Amendment false arrest and false imprisonment claims against McCabe and DeLuca, and pendent state law claims against McCabe, DeLuca, Schenectady County, and the City of Schenectady Police Department; and it is further

**ORDERED**, that the Clerk of the Court is respectfully directed to amend the case caption to include McCabe[10] and Jason DeLuca as Defendants in this action; and it is further

**ORDERED**, that Plaintiff's Section 1983 Fourteenth Amendment Due Process actual coercion claims against McCabe and DeLuca, Section 1983 Fourth Amendment false arrest and false imprisonment claims against McCabe and DeLuca, and pendent state law claims against McCabe, DeLuca, Schenectady County, and the City of Schenectady Police Department are permitted to proceed and require a response; and it is further

**ORDERED**, that Plaintiff's other claims are **DISMISSED without prejudice**[11] pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b); and it is further

---

Bernstein, No. 09-CV-1922, 2010 U.S. Dist. LEXIS 134950, at *3–4 (S.D.N.Y. Oct. 26, 2010) (citing 28 U.S.C. § 1915(b); Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)).

[10] As noted above, the Complaint did not include McCabe's first name. See generally Complaint.

[11] Should plaintiff seek to pursue any of the claims dismissed without prejudice, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's deadline to

**ORDERED**, that upon receipt from Plaintiff of the documents required for service, the Clerk shall issue summonses and forward them, along with a copy of the Complaint, to the United States Marshal for service upon McCabe, DeLuca, Schenectady County, and the City of Schenectady Police Department. The Clerk shall forward a copy of the summons and Complaint by mail to the Schenectady County Attorney's Office and the City of Schenectady Corporation Counsel's Office, together with copies of this Decision and Order; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:      March 16, 2023
            Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

amend his pleading as a matter of course is set forth in Rule 15(a) of the Federal Rules of Civil Procedure.