UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BENJAMIN HORTON,

                Plaintiff,

  -against-                                8:21-CV-983 (LEK/CFH)

SCHENECTADY COUNTY, *et al.*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Benjamin Horton, proceeding *pro se*, brought this action on September 1, 2021. Dkt. No. 1. Plaintiff filed an amended complaint on April 12, 2023, alleging various constitutional violations and state law claims against Schenectady County, City of Schenectady Police Department, Detective Joseph McCabe, and Investigator Jason DeLuca (collectively, "Defendants"). Dkt. No. 14 ("Amended Complaint" or "AC"). Schenectady County now moves to dismiss Plaintiff's Amended Complaint for failure to state a claim. Dkt No. 25-4 ("Motion"). Plaintiff has filed a response, Dkt. No. 35 ("Response"), and Defendant has filed a reply, Dkt. No. 43. For the reasons that follow, Schenectady County's Motion is granted.

**II.   BACKGROUND**

      This case was originally brough in a separate action on August 4, 2021. See Horton v. Schenectady County, et al., No. 21-CV-879, Dkt. No. 1 ("Original Complaint"). This Court later consolidated that case with the instant case. See Dkt. No. 4. After the Court's initial review of Plaintiff's allegations, Dkt. Nos. 7, 10, Plaintiff filed his Amended Complaint against Defendants.

1

The allegations in the AC which have survived initial review and are relevant to Schenectady County's Motion are as follows. On May 9, 2015, a criminal complaint was filed against Plaintiff in Schenectady County court. See AC at 2. Plaintiff alleges that, for conflict-of-interest reasons, he did not receive an attorney until July 2015. See id. at 7–8. On May 21, 2015, after the criminal complaint was filed but before Plaintiff had been assigned an attorney, Detective Joseph McCabe and State Police Investigator Jason DeLuca ("Officers") went to Plaintiff's residence to ask him questions. See id. at 2. Although the Officers stated that Plaintiff was not under arrest, the Officers "forced [Plaintiff] against [his] will [to] get in their car." Id. at 3. The Officers then allegedly drove Plaintiff for two hours with the doors locked to the Schenectady City Police Station. See id. At the station, after the Officers informed Plaintiff of his Miranda[1] rights, Plaintiff allegedly requested an attorney. See id. at 4. Plaintiff claims that the Officers then "started yelling, intimidating, and manipulating" him, even though he stated that he wanted to go home "many times." Id.

Plaintiff alleges that he has tried bringing this lawsuit in the "county courts, appellate court, [and] appeal court," and that he has "been fighting this [un]til [it concluded in the] Court of Appeals in 2019." Id. at 1. Plaintiff also claims he was told that he has three years "from the last time [he was] in a court" to file the instant lawsuit. Id. at 1.

Upon initial review, the Honorable Christian F. Hummel, United States Magistrate Judge, recommended that the following 42 U.S.C. § 1983 claims proceed against the Officers, but not against Schenectady County: (1) a Fourth Amendment false arrest and false imprisonment claim; (2) a Sixth Amendment claim for violation of Plaintiff's right to counsel; and (3) a Fourteenth Amendment coercion claim. See Dkt. No. 16 ("Recommendation") at 30. Judge Hummel also

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

recommended that the pendent state law claims against all Defendants be permitted to survive, see id., making these state law claims the only surviving claims against Schenectady County. This Court adopted the Recommendation in its entirety. See Dkt. No. 17.

## III.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

IV.     DISCUSSION

Schenectady County moves to dismiss on three grounds: (1) Plaintiff's claims are time-barred under the statute of limitations for state municipal corporations; (2) Plaintiff failed to file a notice of claim with Schenectady County; and (3) Plaintiff failed to state a claim because Plaintiff failed to "show what [Schenectady County] did wrong." Mot. at 6–11. The Court agrees that dismissal of Plaintiff's pendent state law claims against Schenectady County is warranted, as Plaintiff failed to comply with the statute of limitations and the notice of claim requirement.[2]

New York General Municipal Law § 50-i provides, in relevant part, that a plaintiff pursuing litigation against a state county must (1) file a notice of intent to file a claim with the respective county and (2) commence the action within the statute of limitations of "one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i. The notice of claim must "be served . . . within ninety days after the claim arises." N.Y. Gen. Mun. L. § 50-e(1)(a); see also Maroney v. Vill. of Norwood, No. 19-CV-1404, 2020 WL 4284133, at *10 (N.D.N.Y. July 27, 2020) (dismissing claims against the defendant because the plaintiff failed to serve a notice of claim within ninety days).

"[T]he general rule [is] that in a federal court, state notice-of-claim statutes apply to *state*-law claims." Hardy v. N.Y.C. Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999). Although "New York's notice of claim requirements are not applicable to [S]ection 1983 claims brought in federal court . . . , the requirements do apply to state law personal injury claims that are brought in federal court as related to [S]ection 1983 cases." Gibson v. Comm'r of Mental Health, No. 04-CV-4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006); see also Warner v.

---

[2] Since the Court finds Plaintiff's claims against Schenectady County are barred by the applicable statute of limitations and his failure to timely serve notice of claim, the Court need not reach Schenectady County's final argument for failure to state a claim.

Vill. of Goshen Police Dep't, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003) ("The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action."). "Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice." Gibson, 2006 WL 1234971, at *5. "To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." Naples v. Stefanelli, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013).

Section 50-e enables a plaintiff to apply to a court for leave to serve a late notice of claim, but the application must be made within the statute of limitations of one year and ninety days. N.Y. Gen. Mun. L. § 50-e(5); see also Delaney v. City of Albany, No. 12-CV-1575, 2014 WL 701637, at *5 (N.D.N.Y. Feb. 24, 2014) (Kahn, J.) ("Courts have discretion to grant requests to file late notices of claim only up to the statute of limitations period-one year and ninety days from the accrual of the claim."); Troy-McKoy v. City of New York Parks & Recreation Dep't, 94 N.Y.S.3d 440, 440 (App. Div. 2019) (affirming that a *pro se* plaintiff's claims are barred for failure to file timely notice of claim when he sought leave to file a late notice after statute of limitations expired).

Plaintiff has not commenced this action within Section 50-i's statute of limitations. The events upon which the claims are based occurred in 2015, see AC at 2, and Plaintiff filed the Original Complaint on August 4, 2021. Even assuming Plaintiff's litigation in state court tolled the statute of limitations, Plaintiff alleges that this litigation ended in 2019—more than a year and ninety days before filing his Original Complaint. See id. at 1. Therefore, Plaintiff's claims against Schenectady County are dismissed for failure to commence this action within the statutory period proscribed by Section 50-i.

Plaintiff has also not alleged that he has filed a Section 50-i written notice with Schenectady County. Schenectady County has stated that it has no record of a notice of claim by Plaintiff, see Mot. at 13, and Plaintiff has not provided anything to the contrary in his Response, see generally Resp. Plaintiff has alleged that he was a litigant in Schenectady County Court until 2019; but even construing this litigation as providing notice, the litigation ended in 2019—more than a year and ninety days before filing his Original Complaint. See Delaney, 2014 WL 701637, at *5. Additionally, Plaintiff cannot apply for an extension to serve notice, since any application also must be filed no more than a year and ninety days after the cause of action accrued. See id.

Accordingly, Plaintiff's claims against Schenectady County are dismissed for failure to timely serve the notice of claim under Section 50-i. As Plaintiff's claims are time barred, any attempt to further prosecute this action would be futile. The Court therefore dismisses these claims against Schenectady County with prejudice. See Nwaokocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court [] has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources.").

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that that Defendant Schenectady County's Motion, Dkt. No. 25, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Second Amended Complaint, Dkt. No. 14, is **DISMISSED with prejudice** against Defendant Schenectady County; and it is further

**ORDERED**, that Defendant Schenectady County is **DISMISSED** as defendant in this action; and it is further

6

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  April 17, 2024
        Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge