UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

BENJAMIN HORTON,

                              Plaintiff,

-against-                                              8:21-CV-983 (LEK/PJE)

CITY OF SCHENECTADY
POLICE DEPARTMENT, *et al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

        On September 1, 2021, pro se Plaintiff Benjamin Horton initiated this action. Dkt. No. 1. On April 12, 2023, he filed an amended complaint against Defendants Schenectady County, the City of Schenectady Police Department, Detective Joseph McCabe, and Investigator Jason DeLuca. Dkt. No. 14 ("Amended Complaint"). The Honorable Christian F. Hummel, United States Magistrate Judge, then conducted an initial review and issued a report and recommendation, recommending that some claims be dismissed, while others survive. Dkt. No. 16 ("Report and Recommendation"). This Court approved and adopted the Report and Recommendation in its entirety. Dkt. No. 17.

        On December 6, 2023, Schenectady County filed a motion to dismiss the claims against it, Dkt. No. 25, and the Court granted the motion. Dkt. No. 45. Now before the Court is a motion to dismiss by the City of Schenectady Police Department, Dkt. No. 58, and a motion for judgment on the pleadings by DeLuca, Dkt. No. 65 ("DeLuca Motion") (together, "Motions").

Plaintiff filed responses to the Motions, Dkt. Nos. 63, 66, and the moving parties replied, Dkt. Nos. 62, 67. Plaintiff then filed a sur-reply to the DeLuca Motion. Dkt. No. 68.[1]

For the reasons that follow, the Motions are granted.

## II.     BACKGROUND

The Court assumes familiarity with the factual background in the Amended Complaint as detailed in Judge Hummel's Report and Recommendation. *See* R. & R. at 5–6; *see also* Am. Compl. at 1–13. Following this Court's initial review and Schenectady County's motion to dismiss, the remaining claims brought by Plaintiff include Fourth Amendment, Sixth Amendment, and Fourteenth Amendment claims against McCabe and DeLuca, and pendent state law claims against all Defendants. *See* Dkt. No. 17 at 3; Dkt. No. 45 at 6.

## III.    LEGAL STANDARD

The standard of review for a motion to dismiss and a motion for judgment on the pleadings are indistinguishable. *LaFaro v. N.Y. Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Therefore, to survive either motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must draw all inferences in favor of the plaintiff. *Id.* (citing *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016)). A complaint may be dismissed only where it appears that there are not "enough

---

[1] Plaintiff's responses to the Motions were not timely, and his sur-reply was not permitted by the Court. However, in light of Plaintiff's status as an incarcerated, pro se litigant, the Court will consider Plaintiff's submissions while ruling on the Motions. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting that "a court should be particularly solicitous of *pro se* litigants who assert civil rights claims . . . and litigants who are incarcerated also receive certain special solicitude").

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *See id.* at 678–79.

## IV. DISCUSSION

### A. Plaintiff's Section 1983 claims are time-barred.

DeLuca argues for dismissal of Plaintiff's Section 1983 claims because they are barred by the statute of limitations. DeLuca Mot. at 4. The Court agrees.[2]

In New York state, claims brought under Section 1983 are subject to a three-year statute of limitations. *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). A claim typically accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80–81 (2d Cir. 2002)). A claim that would ordinarily be barred by the statute of limitations may nevertheless survive when a tolling provision is invoked or when the plaintiff alleges a continuous or ongoing violation of his statutory rights. *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (holding that dismissal based on the statute of limitations is appropriate so long as "there are no applicable tolling provisions as a

---

[2] On initial review, this Court allowed Plaintiff's Section 1983 claims to proceed despite clearly falling outside the statute of limitations, because "determining a statute of limitations defense ordinarily requires a consideration of the merit of both parties' claims and defenses," and "the Court will not shift [to Plaintiff] the burden of pleading and proving facts that underlie the potential statute of limitations defense." Dkt. No. 10 at 17 (cleaned up). Because Defendant asserted a statute of limitations defense in the DeLuca Motion and Plaintiff was provided an opportunity to respond to that defense, the Court will now consider its merits. *See* DeLuca Mot. at 4–6; *see also* Dkt. Nos. 66, 68.

matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights").

In the Amended Complaint, Plaintiff alleges that DeLuca and McCabe violated Plaintiff's constitutional rights on May 21, 2015. Am. Compl. at 2. Because Plaintiff knew of the alleged injury at the time that it occurred, the statute of limitations began to run on this date. *See id.* at 5 ("[T]hey violated my legal rights from the second they forced me in their car and kidnapped me and refused me an attorney on May 21, 2015."). The instant action was not initiated until September 1, 2021, over six years after the date of the allegedly unconstitutional conduct, and over three years after the expiration of the statute of limitations. *See* Dkt. No. 1. Accordingly, these claims must be dismissed as time-barred so long as "there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights." *Pino*, 49 F.3d at 54.

The Court finds there to be no applicable tolling provisions that would save Plaintiff's claims. "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (N.Y. App. Div. 2005)). To the extent that Plaintiff argues that equitable tolling should be invoked, he asserts only that he "was told that [he] ha[d] 3 [years] from the last time in a court, which was 2019."[3] Am. Compl. at 1. However, in the absence of an allegation that Defendants, or any other interested entity, provided him with this erroneous information, the Court cannot

---

[3] As Judge Hummel correctly noted in the Report and Recommendation, "[i]t is well settled that, generally, 'a plaintiff's pursuit of a state remedy . . . does not toll the statute of limitations for filing a claim pursuant to [S]ection 1983.'" R. & R. at 11 (quoting *Abbas*, 480 F.3d at 641).

4

conclude that Plaintiff was induced by fraud, misrepresentations, or deception such that the statute of limitations should be equitably tolled.

Further, the Court finds that Plaintiff did not allege facts sufficient to show that he suffers from a continuous or ongoing violation of his statutory rights. "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy [of the constitutional violation] and some non-time-barred acts taken in furtherance of that policy.'" *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009) (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999)). Here, Plaintiff's claims appear confined to the events of May 21, 2015. *See* Am. Compl. at 2. He does not allege that he suffers from ongoing violations of his statutory rights, nor can the Court conclude as much from the facts alleged in the Amended Complaint.

Accordingly, because Plaintiff brings these claims after the statute of limitations has passed, and because the Court cannot find that a tolling provision applies or that Plaintiff suffers from a continuous and ongoing violation of his rights, the Court concludes that Plaintiff's claims are time-barred. Plaintiff's claims are dismissed without prejudice.

**B. The Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.**

Plaintiff also brings pendent state law claims against all Defendants. On initial review, the Court allowed Plaintiff's pendent state law claims to survive. *See* Dkt. No. 17 at 3. However, if a court "has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c). Indeed, the Supreme Court has noted that when all federal law claims are dismissed before trial, courts should generally decline to exercise jurisdiction over the remaining state law claims. *See Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are

5

eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court declines to exercise its supplemental jurisdiction here. Plaintiff's pendent state law claims against all Defendants are dismissed without prejudice.

### C. Plaintiff's claims against Defendant McCabe are dismissed.

Plaintiff also brings this action against Defendant McCabe, who did not file a motion to dismiss.[4] Although McCabe is a non-moving party, the Court *sua sponte* dismisses the claims against him. With respect to the federal claims against McCabe, courts in this Circuit have dismissed claims against a non-moving defendant when a statute of limitations defense is apparent. *See Ross v. Cavalry Portfolio Servs., LLC*, 701 F. Supp. 3d 211, 223 (E.D.N.Y. 2023) ("Although not raised by the Defendant, 'a court may raise [a statute of limitations defense] *sua sponte* when the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'") (quoting *Weaver v. Boriskin*, 751 F. App'x 96, 98–99 (2d Cir. 2018)). Because Plaintiff does not distinguish between the allegedly unconstitutional actions of McCabe and DeLuca and brings the same claims against both Defendants, the Court *sua sponte* dismisses the federal claims against McCabe as time-barred. *See Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 375 (E.D.N.Y. 2012) ("Where one defendant has successfully raised a statute of limitations defense with respect to a particular claim, a court may also dismiss the

---

[4] In a status conference held by Judge Hummel on September 12, 2024, DeLuca's counsel informed the Court that McCabe is believed to be deceased. *See* Text Minute Entry following Dkt. No. 48. While the Court would ordinarily adhere to the procedure for substituting a party set forth in Rule 25(a) of the Federal Rules of Civil Procedure, the Court need not do so for the reasons explained here.

claim *sua sponte* as to similarly situated defendants.") (quoting *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 623 (S.D.N.Y. 1999)).

Further, with respect to the pendent state law claims brought against McCabe, the Court similarly declines to exercise its supplemental jurisdiction. The Court *sua sponte* dismisses the state law claims against McCabe as well.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that DeLuca's motion for judgment on the pleadings, Dkt. No. 65, is **GRANTED**; and it is further

**ORDERED**, that the City of Schenectady Police Department's motion to dismiss, Dkt. No. 58, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's claims are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 17, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge